**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICTOR L. JOYCE,

Defendant-Appellant.

No. 96-6164
(D.C. No. CR-95-41-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Victor L. Joyce, the vice president, chief financial officer, treasurer, and secretary of Barton Industries, Inc., was charged with securities fraud in connection with a scheme to manipulate the price of Barton Industries' stock. On December 14, 1995, he entered a plea of guilty to (1) making false financial statements, in violation of 15 U.S.C. §§ 78m(b)(2)(A), 78ff(a) and 18 U.S.C. § 2 (Counts 2-6); and (2) entering into a scheme to report manipulative and deceptive information to the public, in violation of 15 U.S.C. §§ 78j(b), 78ff(a), 17 C.F.R. § 240.10b-5 and 18 U.S.C. § 2 (Count 13).

The district court sentenced defendant to forty-six months of imprisonment and two years of supervised release on each count, all to run concurrently. Defendant appeals the sentence, asserting two points of error: (1) the calculation of the amount of loss to the investing public at more than $20 million, resulting in a sixteen-level enhancement of his sentence, see United States Sentencing Guidelines (U.S.S.G.) § 2F1.1(b)(1)(Q); and (2) the finding that he had abused a position of trust, resulting in a two-level enhancement, see id. at § 3B1.3.

I.    CALCULATION OF LOSS

We review the district court's factual findings regarding calculation of loss under the clearly erroneous standard. United States v. Moore, 55 F.3d 1500, 1501 (10th Cir. 1995). Defendant's argument that the applicable figure should be $5.8 million, the amount of the falsified entries on the books and records of Barton

Industries, disregards the other aspects of the stock manipulation scheme. The scheme was not confined to the alteration of Barton's books. It also involved publicizing false or misleading information about the status of the company. The record on appeal contains more than sufficient evidence to support the district court's finding that the entire stock manipulation scheme inflicted a loss of approximately $24.6 million on the investing public.

## II. ABUSE OF POSITION OF TRUST

"Whether a defendant occupied a position of trust within the meaning of USSG § 3B1.3 is a factual question, and we will affirm the sentencing court unless we find its decision clearly erroneous." United States v. Koehn, 74 F.3d 199, 201 (10th Cir. 1996). The primary concern of the guideline is "to penalize defendants who take advantage of a position that provides them freedom to commit or conceal a difficult-to-detect wrong." Id. (citing United States v. Queen, 4 F.3d 925, 928-29 (10th Cir. 1993)); see also U.S. Sentencing Guidelines Manual § 3B1.3, Application Note 1 (1995).

The following factors determine whether a particular position constitutes a position of trust:

> [T]he extent to which the position provides the freedom to commit a difficult-to-detect wrong, and whether an abuse could be simply or readily noticed; defendant's duties as compared to those of other employees; defendant's level of specialized knowledge; defendant's level of authority in the position; and the level of public trust.

United States v. Queen, 4 F.3d at 928-29 (quoting United States v. Williams, 966 F.2d 555, 557 (10th Cir. 1992)).

Examination of these factors shows that defendant, as the principal financial officer of a publicly-traded company, held a position of trust. Moreover, he used this position to falsify the company's books and disseminate misleading information to the public. The district court's determination that defendant abused a position of trust is amply supported by the evidence. Defendant's sentence was properly enhanced under U.S.S.G. § 3B1.3.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha

Circuit Judge